**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

June 3, 2024

To:   All counsel of record

**REPORT AND RECOMMENDATION**

Re:   <u>Purselley v. LifeCell Corp., et al.</u>, Civil Action No. 22-1657 (BRM) (LDW)

Dear Counsel:

    Before the Court is plaintiff Linda Purselley's ("Plaintiff") motion to restore her complaint following the Court's dismissal of this action without prejudice for failure to prosecute. (ECF Nos. 14, 16). Defendants LifeCell Corporation and Allergan USA, Inc. (collectively, "Defendants") oppose restoration of the complaint unless Plaintiff's action is reinstated as a bellwether trial pool case. (ECF No. 15). The Honorable Brian R. Martinotti, U.S.D.J. referred the motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, the Court respectfully recommends that Plaintiff's motion be **GRANTED**.

    Defendants moved to dismiss this action for lack of prosecution on January 24, 2024. (ECF No. 9). Judge Martinotti held a hearing on the motion on February 7, 2024 and noted for the record that the

> case is going to be dismissed without prejudice. Counsel may move to restore within 90 days. If not, the defense may make a letter application to dismiss the case with prejudice. The hope is that Ms. Purselley, who has had some medical issues, will get better, become engaged, and want to prosecute her litigation.

(Feb. 7, 2024 Tr. at 4:1-7, ECF No. 13). Judge Martinotti dismissed Plaintiff's complaint for failure to prosecute by Order dated February 9, 2024. (ECF No. 12). Judge Martinotti did not set any conditions for restoration of Plaintiff's complaint except that she move within 90 days to restore the action. Nor did Defendants' counsel request any further conditions to restoration of the complaint. (Feb. 7, 2024 Tr. at 4:8-12 (confirming that Defendants had no "objections, exceptions, or comments to the Court's ruling on the Purselley matter")).

    Plaintiff has satisfied the minimal requirements set by the Court for restoration of her complaint. This motion was timely filed within 90 days of dismissal as specified by the February

9, 2024 Order, and Plaintiff represents she will participate actively in the matter.

Any dispute as to whether Plaintiff's action also should be reinstated to the bellwether trial pool is subject to a good-faith and fulsome meet-and-confer among counsel. Although the provisions of Case Management Order No. 1, as amended, discuss the selection of bellwether cases and replacement of bellwether selections, (*See Sandoval v. LifeCell Corp.*, Civ. A. No. 21-17705 (BRM) (LDW), ECF Nos. 44, 104, 107), they do not address this specific situation, where a bellwether case has been dismissed and replaced but later sought to be restored to the active docket. The Case Management Orders do, however, extensively instruct counsel to meet and confer as to bellwether issues. That is how they should proceed with this issue, advising the Court by letter if they have reached impasse after a thorough, good faith conference. No formal motions regarding reinstatement of this matter to the bellwether trial pool shall be filed absent leave of Court.

Accordingly, the Court recommends that plaintiff's motion to reopen this matter and restore the complaint be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Brian R. Martinotti, U.S.D.J.

                                                    *s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge

Orig: Clerk
cc: Hon. Brian R. Martinotti, U.S.D.J.
       Counsel of Record